# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE EMILIA GRAGES, Administrator for the Estate of Kimberly Jane Donovan, deceased; and MARK JAMES DONOVAN, as an individual, | CIVIL ACTION – LAW<br><br>Assigned to:<br>Magistrate Judge Joseph F. Saporito, Jr. |
| Plaintiffs | |
| v. | JURY TRIAL DEMANDED |
| GEISINGER HEALTH (a/k/a Geisinger Health System); GEISINGER MEDICAL CENTER, SUSAN M. BARO, D.O.; JAEWON RYU, M.D.; DAVID FEINBURG, M.D.; JENNIFER L ROY, P.A., | NO: 4:19-CV-01141 |
| Defendants | ELECTRONIC FILING |

**BRIEF IN SUPPORT OF MOTION OF DEFENDANTS, GEISINGER HEALTH *(INCORRECTLY IDENTIFIED IN THE CAPTION AS "GEISINGER HEALTH (A/K/A GEISIGER HEALTH SYSTEM")*, GEISINGER MEDIAL CENTER, SUSAN M. BARO, D.O., JAEWON RYU, M.D., DAVID FEINBURG, M.D. AND JENNIFER L. ROY, P.A., PURSUANT TO F.R.C.P. 12(b)(1)**

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs, Jane Emilia Grages, Administrator for the Estate of Kimberly Jane Donovan, deceased, and Mark James Donovan, (hereinafter referred to as "Plaintiffs"), filed this action on July 3, 2019, in the United States District Court for the Middle District of Pennsylvania. Plaintiffs' state that they wish to file a

complaint under "21 U.S.C. 1306.04(a) and U.S.C. 1395(b)(1)(A)". However, in their Complaint, Plaintiffs alleged wrongful death and survival actions in relation to medical negligence claims. Plaintiffs filed the identical Complaint in the Montour County Court of Common Pleas, Pennsylvania, on July 4, 2019.

According to the Complaint, Plaintiff, Jane Emilia Grages, is a citizen of the County of Lycoming, State of Pennsylvania, residing at 2139 Poco Farm Road, Williamsport, PA 17701. Plaintiff, Mark James Donovan, is a resident of Idaho. Defendants, Geisinger Health *(incorrectly identified in the caption as "Geisinger Health (a/k/a Geisinger Health System")*, Geisinger Medical Center, Susan M. Baro, D.O., Jaewon Ryu, M.D., David Feinburg, M.D. and Jennifer L. Roy, P.A. (hereinafter referred to as "Defendants"), are all residents or incorporated in the Commonwealth of Pennsylvania.

Defendants have now filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and respectfully submit that this dispute does not belong in this Court. Plaintiffs have improperly brought this action in a Court which lacks jurisdiction to hear their claims.

## II. ISSUE

**WHETHER THIS COURT LACKS JURISDICTION OVER THE PLAINTIFFS' CLAIMS?**

Suggested answer: Yes.

## III.  **STANDARD OF REVIEW**

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "lack of subject-matter jurisdiction." Fed.R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Gould Electronics Inc. v. United States, 220 F. 3d 169, 176 (3d Cir. 2000). In a facial challenge under Rule 12(b)(1), a defendant argues that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." D.G. v. Somersett Hills School Dist., 559 F. Supp. 2d 484, 491 (D.N.J. 2008). In response to the defense's facial challenge of subject-matter jurisdiction, the Court "must consider the allegations of the complaint as true." Mortensen v. First Fed Savaing & Loan Association, 549 F.2d 884, 891 (3d Cir. 1077). In a factual challenge under Rule 12(b)(1), "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen, 549 F.2d at 891. "Evidence outside the pleadings [may be examined] to determine ... jurisdiction." Gould Electronics Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

Plaintiffs are unable to establish this Court's jurisdiction over this case. Therefore, Defendants' Motion to Dismiss should be granted and Plaintiffs' claims dismissed.

## IV.     ARGUMENT

### PLAINTIFFS HAVE FAILED TO ESTABLISH
### SUBJECT MATTER JURISDICTION

The Plaintiff bears the burden of establishing a basis for subject matter jurisdiction in his complaint, which they have failed to do.  In order for this Court to have subject-matter jurisdiction, the Plaintiffs must establish either diversity of citizenship or a federal question at hand.  Pursuant to 28 U.S.C.A. § 1332:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—**(1)** citizens of different States; **(2)** citizens of a State and citizens or subjects of a foreign state ... **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and **(4)** a foreign state ... as plaintiff and citizens of a State or of different States.

28 U.S.C.A. § 1332(a).

In regard to the Court's jurisdiction over federal questions, 28 U.S.C.A. § 1331 states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331.

Even when liberally construed, Plaintiffs' claims can be interpreted as neither a diversity of citizenship claim nor a federal question.  There is clearly not complete diversity of citizenship, for although one Plaintiff is a resident of Idaho, the other

Plaintiff is a resident of Pennsylvania and all the Defendants are either residents of Pennsylvania or incorporated and existing under the laws of Pennsylvania. In fact, in the Complaint itself, Plaintiffs state that "this Court has subject matter jurisdiction over this action pursuant to 42 Pa.C.S.A. 931". Furthermore, Plaintiff's claims do not implicate a federal question.

Therefore, Moving Defendant respectfully requests that Plaintiffs' Complaint be dismissed for failing to meet the standards of Rule 12(b)(1).

## V. CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court dismiss Plaintiffs' Complaint against the Defendants.

Respectfully submitted,

GEISINGER SYSTEM SERVICES

/s/ Cindy A. Sheridan
Cindy A. Sheridan, Esquire
Litigation Counsel
Geisinger System Services
Department of Legal Services (MC 40-31)
100 North Academy Avenue
Danville, PA  17822
Phone: (570) 271-6781
Facsimile: (570) 271-5947
casheridan1@geisinger.edu
PA ID # 86957

Attorney for Defendants,
Geisinger Health *(incorrectly identified in the caption as "Geisinger Health (a/k/a Geisinger Health System)*, Geisinger Medical Center, Susan M. Baro, D.O., Jaewon Ryu, M.D., David Feinburg, M.D. and Jennifer L. Roy, P.A.