IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE EMILIA GRAGES, Administrator for the Estate of Kimberly Jane Donovan, Deceased, et al., | : : : : : | CIVIL NO. 4:19-CV-1141 |
| Plaintiffs, | : : | |
| v. | : : | (SAPORITO, M.J.) |
| GEISINGER HEALTH (a/k/a Geisinger Health System), et al., | : : : | |
| Defendants. | : | |

# MEMORANDUM

This is a *pro se* civil action for damages initiated by the filing of a fee-paid complaint on July 3, 2019. (Doc. 1) The plaintiffs in this action, Jane E. Grages—both as Administrator for the Estate of Kimberly Jane Donovan and on her own behalf as an individual[1]—and Mark James Donovan, seek damages for the death of their daughter Kimberly Jane Donovan, who received medical treatment by the defendants and died nineteen hours after her discharge from Geisinger Medical Center.

---

[1] *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of *pro se* litigants).

1

The defendants have appeared through counsel and moved to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Doc. 15) For the reasons set forth herein, we will deny the motion.

*I.    Background*

This action arises out of the untimely and unfortunate death of the decedent, Kimberly Jane Donovan, a 25-year-old law student, on July 6, 2017. The action is brought by the plaintiffs, Jane E. Grages, a resident of Pennsylvania,[2] and Mark James Donovan, a resident of the state of Idaho. They are the parents of the decedent. The complaint alleges that Geisinger Health and Geisinger Medical Center are incorporated and have their principal places of business within Pennsylvania. The complaint does not allege the place of residence or citizenship of the individual defendants, but only that three of the four are currently employed by Geisinger and work at Geisinger's facilities in Danville, Pennsylvania. The fourth individual defendant, David Feinburg, M.D., is

---

[2] We note that, for diversity purposes, the citizenship of the Estate is based on that of its administrator. *See Field v. Volkswagenwerk AG*, 626 F.2d 293, 302 (3d Cir. 1980); *Golden Gate Nat'l Senior Care, LLC v. Beavens*, 123 F. Supp. 3d 619, 627 n.2 (E.D. Pa. 2015).

alleged to be a current employee of Google Health with a place of employment in Mountain View, California.

The complaint alleges that Kimberly was transported by "Life Flight" to Geisinger Medical Center on June 27, 2017, where she underwent surgery to repair orbital fractures caused by blunt force trauma to the head. Upon her discharge from Geisinger Medical Center at 12:00 p.m. on July 5, 2017, Kimberly was prescribed methadone (Dolophine), fluoxetine (Prozac), gabapentin (Neurontin), and other drugs as take-home medications. Methadone is apparently a pain-killer commonly prescribed to recovering opioid addicts. Kimberly was not an opioid user. Later that day, Grages noticed swelling near the surgical site of Kimberly's head. Kimberly went to bed at approximately 12:30 a.m. on July 6, 2017. Grages checked on Kimberly at 3:00 a.m., and she appeared to be fine at that time. A few hours later, at approximately 7:00 a.m., Grages found Kimberly lying in bed with no pulse. Grages immediately began to perform CPR and called 9-1-1. Kimberly was pronounced dead by paramedics at 7:50 a.m.

The complaint further alleges that methadone was prescribed to Kimberly at the time of discharge "without an associated diagnosis." The

Lycoming County coroner determined her cause of death as an accidental overdose due to multiple toxicities consisting of methadone, fluoxetine, and gabapentin. The complaint further alleges that Kimberly had not been stabilized following emergency treatment and, rather than being discharged, she should have remained at the hospital for further medical examination and treatment to stabilize her condition.

In their brief in support of their motion to dismiss, the defendants assert that the plaintiffs have filed an identical complaint in the Court of Common Pleas of Montour County on July 4, 2019.

## II. *Rule 12(b)(1) Standard*

The plaintiff bears the burden of establishing the existence of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A defendant may challenge the existence of subject matter jurisdiction in one of two fashions: it may attack the complaint on its face or it may attack the existence of subject matter jurisdiction in fact, relying on evidence beyond the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Where a defendant

attacks a complaint as deficient on its face, "the court must consider the allegations of the complaint as true." *Mortensen*, 549 F.2d at 891. "In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and 'undisputably authentic' documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss." *Medici v. Pocono Mountain Sch. Dist.*, No. 09-CV-2344, 2010 WL 1006917, at *2 (M.D. Pa. Mar. 16, 2010). However, when a motion to dismiss attacks the existence of subject matter jurisdiction in fact, "no presumptive truthfulness attaches to plaintiff's allegations," and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. This case falls into the former category.

### III. *Discussion*

The defendants move to dismiss on the ground that the *pro se* complaint fails to establish any basis for the exercise of subject matter jurisdiction by this federal court. They note that the *pro se* complaint

purports to base the court's subject matter jurisdiction on a *state* statute. *See generally* 42 Pa. Cons. Stat. Ann. § 931 (granting generally unlimited original jurisdiction to the Pennsylvania courts of common pleas). They further note that the parties clearly lack diversity of citizenship, which the plaintiffs concede in their brief in response. But while the defendants do acknowledge in passing a reference in the *pro se* complaint to "21 U.S.C. 1306.04(a) and U.S.C. 1395dd(b)(1)(A)," they argue in conclusory fashion that the *pro se* plaintiffs' "claims do not implicate a federal question," without any further elaboration.

But as *pro se* litigants, this Court is obligated to liberally construe the plaintiffs' complaint and consider whether they have "plead[ed] a colorable claim 'arising under' the Federal Constitution or laws." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 681–85 (1946)). *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of *pro se* litigants). Here, the plaintiffs have attached a copy of what appears to be a state-court complaint, asserting state-law tort claims, to a two-page federal court form complaint. In the first paragraph of the federal form complaint, the

plaintiffs have expressly invoked a federal regulation, 21 U.S.C. § 1306.04(a), and a federal statute, 42 U.S.C. § 1395dd(b)(1)(A), as the basis for their claims in federal court.[3]

Moreover, "[a] party does not need to plead specific legal theories in the complaint, as long as the opposing party receives notice as to what is at issue in the lawsuit." *Elec. Constr. & Maint. Co., Inc. v. Maeda Pac. Corp.*, 764 F.2d 619, 622 (9th Cir. 1985); *accord Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005); *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, Civil Action No. 2:06-cv-1797, 2014 WL 982848, at *7 n.11 (E.D. Pa. Mar. 13, 2014) (quoting *Maeda Pac. Corp.*). Further, the review of a *pro se* complaint focuses on whether the facts alleged state a claim under *any legal theory*, not just those explicitly named in the complaint. *Small*, 398 F.3d at 898; *Ohuche v. Merck & Co., Inc.*, 903 F. Supp. 2d 143, 150 (S.D.N.Y. 2012); *Thiel v. Nelson*, 422 F. Supp. 2d 1024, 1028 (W.D. Wis. 2006).

---

[3] In the latter citation, the title number is omitted—clearly a scrivener's error—but the intended citation is easily discovered from the body of the attached state-court complaint, which expressly cites *and quotes* 42 U.S.C. § 1395dd(b)(1)(A). (*See* Doc. 1, at 12 ¶ 53.)

7

The gist of the complaint is that the defendants were negligent in providing medical treatment to Kimberly, giving rise to various claims under state tort law,[4] and that they failed to stabilize her condition before she was discharged, giving rise to a stabilization claim under 42 U.S.C. § 1395dd(b) and (d)(2)(A). Setting aside for the moment whether the plaintiffs have adequately stated a plausible claim under § 1395dd, we find the facts pleaded with respect to the circumstances of Kimberly's discharge sufficient to invoke federal question jurisdiction. *See generally Bell*, 327 U.S. at 685.[5] Therefore, we find that this Court may properly exercise subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

Accordingly, the defendants' motion to dismiss will be denied.

---

[4] We note here that the regulation cited by the plaintiffs, 21 C.F.R. §1306.04, may inform the applicable standard of care with respect to negligence claims against the several defendants, but neither this regulation nor the Controlled Substances Act which it implements creates a private cause of action. *See Welch v. Atmore Cmty. Hosp.*, 704 Fed. App'x 813, 816–17 (11th Cir. 2017); *New Mexico v. Purdue Pharma L.P.*, 323 F. Supp. 3d 1242, 1250 (D.N.M. 2018); *Smith v. Hickenlooper*, 164 F. Supp. 3d 1286, 1290 (D. Colo. 2016); *McCallister v. Purdue Pharma L.P.*, 164 F. Supp. 2d 783, 793 (S.D.W. Va. 2001).

[5] In other words, based on the facts alleged in the complaint, we do not find this claim to be wholly insubstantial or frivolous.

An appropriate order follows.

***s/Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: March 10, 2020